IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES WILSON,

    Plaintiff,

v.                                                        CIV. No. 15-867 WJ/GBW

ERIK SCRAMLIN, *Assistant District Attorney*,

    Defendant.

## ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on Plaintiff's Motion to Appoint Counsel. *Doc. 3.* Having reviewed the Motion, the Court finds that it should be denied.

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (unpublished) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (unpublished) (quoting *Williams v.*

*Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).  Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

Plaintiff is suing an assistant district attorney, Defendant Erik Scramlin, for allegedly violating his constitutional rights by breaching a plea agreement, adding "habituals" to Plaintiff's sentence, and taking steps to have Plaintiff's probation revoked.  *Doc. 1* at 5.  Plaintiff is suing Defendant Scramlin in both his personal capacity and his official capacity as a prosecutor, and is seeking declaratory relief as well as compensatory and punitive damages.  As such, nearly all of Plaintiff's claims face significant immunity hurdles.  *See Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1492 (10th Cir.1991) (holding that absolute immunity attaches to a suit against individual state attorneys' plea bargaining activity "due to its intimate association with the judicial process"); *Eastwood v. Dep't of Corrs. of State of Okla.*, 846 F.2d 627, 631-32 (10th Cir. 1988) (concluding that official capacity claims for damages against agents of a state entity are barred by absolute immunity under the Eleventh Amendment).

Furthermore, although Plaintiff alleges limited knowledge of the law and difficulty in accessing interlibrary loans, the factual and legal issues in this case are not complex and Plaintiff's filings demonstrate his ability to clearly articulate his position.  Thus, upon weighing the applicable factors, the Court finds that Plaintiff's request for

counsel should be denied.  *See McCarthy v. Weinberg*, 753 F.2d 836, 839-40 (10th Cir. 1985) (finding special circumstances arising to fundamental unfairness where denial of counsel resulted in a trial involving complex medical issues requiring expert testimony, the trial was conducted by a pro se plaintiff who was confined to a wheelchair and suffered from poor eyesight, a speech impediment, memory lapses, and communication difficulties); *Amin v. Voigtsberger*, 560 F. App'x 780, 786 (10th Cir. 2014) (unpublished) (affirming denial of counsel despite allegations of inability to fully access a law library and understand legal materials where the claim was not complex and plaintiff was able to investigate and present his claims before the district court).

Wherefore, IT IS HEREBY ORDERED that Plaintiff's Motion to Appoint Counsel (*doc. 3*) is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE