IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES WILSON,

    Plaintiff,

  v.                      No. CIV 15-0867 WJ/GBW

ERIK SCRAMLIN,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has filed a Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) ("IFP"). Because the Court grants the IFP motion, the filing fee for this civil rights complaint is $350.00. Under § 1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. Based on the information in Plaintiff's filings, the Court will waive the initial partial payment pursuant to § 1915(b)(1). For reasons set out below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names a New Mexico assistant district attorney as Defendant. Plaintiff alleges that Defendant formulated orders that were not within the scope of Plaintiff's plea agreement and were entered after Plaintiff's term of probation had expired. These orders allegedly caused Plaintiff to serve prison time in excess of his sentence. Plaintiff claims that Defendant's actions violated his protections under the Due Process and Double Jeopardy Clauses. The complaint seeks declaratory relief and damages.

Defendant Scramlin is immune to Plaintiff's § 1983 complaint against him. As the Supreme Court ruled in *Imbler v. Pachtman*, 424 U.S. 409 (1976), "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431; *and see Kersh v. Richardson*, 466 F. App'x 718, 720 (10th Cir. 2012). Because Plaintiff specifically alleges that Defendant Scramlin's actions were part of the State's prosecution of a criminal proceeding, the rule described in *Imbler* bars the complaint. The Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE