IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES WILSON,

    Plaintiff,

    v.                                                                               No. CIV 15-0867 WJ/GBW

ERIK SCRAMLIN,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff's Supplemental Complaint (Doc. 8).  By order and judgment entered on October 8, 2015, the Court dismissed Plaintiff's original complaint and the action.  The docket indicates that Plaintiff had been transferred from one facility to another and may not have received the dismissal order.  The Court therefore construes the supplemental complaint as a motion to reopen and to file the supplemental complaint.  *Burns v. C.I.A.*, No. 93-5153, 1994 WL 36770, at *1 (10th Cir. Feb. 8, 1994) (applying rule 60(b) of the Federal Rules of Civil Procedure in evaluating a motion to reopen).  The Court of Appeals for the Tenth Circuit has affirmed a district court's denial of a motion to reopen based on the grounds implicitly asserted by Plaintiff.  *See Kobel v. Lansing Correctional Facility*, 577 F. App'x 844, 845 (10th Cir. 2014) ("nothing prevented Mr. Kobel from apprising the district court of his new location or inquiring about the status of his lawsuit").

    The Court dismissed the original complaint in this action on grounds that Defendant Scramlin is immune to Plaintiff's § 1983 claims against him.  The supplemental complaint asserts additional claims against Defendant Scramlin but, again, does not allege that he took actions except "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  The supplemental complaint, therefore, is barred for the same reason that

the Court dismissed the original complaint, and reopening the case to adjudicate the new complaint would be futile. *Cf. United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). For the reason stated in *Kobel*, and because reopening this action would be futile, the motion to reopen must be denied.

IT IS THEREFORE ORDERED that Plaintiff's Supplemental Complaint (Doc. 8), construed herein as a motion to reopen (Doc. 8), is DENIED; and the Clerk is directed to mail copies of the order and judgment of dismissal (Docs. 6, 7), with a copy of this Order, to Plaintiff at his current address.

_____
UNITED STATES DISTRICT JUDGE